# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED DIONALDO TABRILLA,    ) | 1:08-cv-00586-AWI-TAG HC |
| ) | |
| Petitioner,    ) | ORDER TO SHOW CAUSE WHY THE |
| ) | PETITION SHOULD NOT BE GRANTED |
| v.    ) | |
| ) | ORDER DIRECTING THE CLERK TO |
| MICHAEL CHERTOFF, et. al.,    ) | SERVE DOCUMENTS ON RESPONDENT |
| ) | |
| Respondents.    ) | ORDER DENYING AS MOOT |
| ) | PETITIONER'S REQUEST FOR ISSUANCE |
| | OF AN ORDER TO SHOW CAUSE |
| | |
| | ORDER WITHDRAWING SUMMONSES |
| | FILED JUNE 10, 2008 (Docs. 7, 8, 9, 10, 11, & 12) |
| | |
| | ORDER DENYING MOTION FOR STAY OF REMOVAL (Doc. 1) |
| | |
| | ORDER DENYING MOTION TO EXPEDITE (Doc. 1) |

**PROCEDURAL HISTORY**

Petitioner is detained by the United States Bureau of Immigration and Customs Enforcement ("ICE") and is proceeding with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

Petitioner filed the instant petition on April 28, 2008. (Doc. 1). Along with the petition, Petitioner also submitted a proposed order to show cause and, apparently, a series of summonses directed to the various Respondents, ordering Respondents to file a response within sixty days. (Doc.

1). On April 29, 2008, the Clerk of the Court issued those summonses and on June 10, 2008, certificates of service for those summonses were filed in the Court. (Docs. 7, 8, 9, 10, 11, & 12).

### DISCUSSION

In the petition, Petitioner alleges that he is a native of the Phillipines and a lawful permanent resident of the United States, that he is subject to an order of removal that is currently being challenged in the United States Court of Appeals for the Ninth Circuit, and that he has been in the custody of Respondents since August 29, 2007. (Doc. 1, pp. 4-7). Petitioner also contends that his detention pursuant to 8 U.S.C. § 1231(a) is indefinite, presumptively unreasonable, and violates his substantive and procedural due process rights under the Due Process Clause of the Fifth Amendment of the United States Constitution. (Id. at p. 9). Petitioner also asserts that his detention is in violation of Respondent's statutory authority. (Id.).[1]

Because Petitioner may be entitled to relief if the claimed violations are proved, Respondent will be ordered to show cause why the petition should not be granted. Rule 4, Rules Governing Section 2254 Cases; see Rule 1(b), Rule 11, Rules Governing Section 2254 Cases; Fed. R. Civ. P. 81(a)(2).

---

[1] The petition makes several allegation regarding the legality of the Immigration Judge's determinations that Petitioner was subject to removal based on a prior felony conviction. Indeed, Petitioner is presently appealing the latest of those orders to the Ninth Circuit. On May 11, 2005, the President of the United States signed into law the "Emergency Supplemental Appropriations Act for Defense, The Global War on Terror, and Tsunami Relief, 2005." Division B of the Act is titled "REAL ID Act of 2005." ("RIDA"). Section 106 of the Act amended Section 242 of the Immigration and Nationality Act (8 U.S.C. § 1252) so as to render a petition for review to the courts of appeal the sole and exclusive means of review of an administrative order of removal, deportation, or exclusion. Section 1252(a)(5) (emphasis added) provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, <u>a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter</u>, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

Because RIDA deprives this Court of habeas jurisdiction in cases challenging a final order of removal, if a federal prisoner challenges such an order in a federal habeas petition, the Court must dismiss the petition to allow the petitioner to refile his petition in the Ninth Circuit. Puri v. Gonzales, 464 F.3d 1038, 1041 (9th Cir. 2006); Medellin-Reyes v. Gonzales, 435 F.3d 721, 723-724 (7th Cir.2006) ("Collateral proceedings filed on or after May 11, [2005], however, will be dismissed outright; the window for belated judicial review has closed."). However, in this instance, the Court's initial screening of this petition indicates that Petitioner is not challenging a removal order but rather the legality of his ongoing detention by Respondents. Accordingly, the Court concludes that it does have habeas jurisdiction over this petition.

1    However, the inclusion of proposed summonses by Petitioner was erroneous and the issuance
2 of those summonses by the Clerk of the Court was premature.  The Court is required by statute to
3 conduct a preliminary screening of all habeas petitions in order to determine whether certain predicate
4 requirements, e.g., jurisdiction, venue, exhaustion, statute of limitations, etc., have been satisfied.
5 The Court will not serve Respondents unless and until such screening has been conducted and the
6 Court has determined that the case should proceed.  Because the Clerk of the Court prematurely
7 issued the summonses proferred by Petitioner before the Court had an opportunity to conduct a
8 preliminary screening, the Court will order that those summonses be withdrawn and disregarded.
9 Moreover, since the Court is issuing its own Order to Show Cause to Respondents, Petitioner's
10 request for issuance of such an order is now moot.

11    Finally, Petitioner has requested a stay of any transfer of Petitioner outside the jurisdiction of
12 this Court pending litigation of this matter and of his removal proceedings.  (Doc. 1, p. 10).  He has
13 also requested the expediting of his case.  (Id.).  For the following reasons, the Court denies these
14 requests.

15    First, to the extent that Petitioner's request can be construed as a request for a stay of removal,
16 in order to obtain a stay of removal pending review of a final order of removal, a petitioner must
17 demonstrate "either a probability of success on the merits and the possibility of irreparable injury, or
18 that serious legal questions are raised and the balance of hardships tips sharply in petitioner's favor."
19 Andreiu v. Ashcroft, 253 F. 3d 477, 480 (9th Cir. 2001).  The Court has already construed the
20 petition as challenging an unlawful detention rather than an unlawful removal order.  A request for a
21 stay of removal would necessarily undercut that conclusion since the Court would have to then
22 consider the likelihood of Petitioner's success in the removal proceedings, which, as mentioned, is an
23 issue over which this Court lacks jurisdiction.  Since that same issue is now squarely before the Ninth
24 Circuit, the Court concludes that any request for a stay of removal is more appropriately brought in
25 the forum that has actual jurisdiction over Petitioner's removal, i.e., the Ninth Circuit.

26    To the extent that Petitioner's request is to stay removal of Petitioner from this jurisdiction to
27 another federal district for continued confinement, the Court concludes that the record now before the
28 Court does not provide sufficient basis for such an order.  For good reason, this Court is reticent to

micro-manage Respondents regarding inmate placements and transfers. "[F]ederal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment....Such flexibility is especially warranted in the fine-tuning of the ordinary incidents of prison life...." <u>Sandin v. Conner</u>, 515 U.S. 472, 482, 115 S. Ct. 2293 (1995). In <u>Procunier v. Martinez</u>, 416 U.S. 396, 404-405, 94 S. Ct. 1800 (1974), <u>overruled in part on other grounds,</u> <u>Thornburgh v. Abbott</u>, 490 U.S. 401, 109 S. Ct. 1874 (1989), the Supreme Court explained the basis for this deference:

> Traditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration. In part this policy is the product of various limitations on the scope of federal review of conditions in state penal institutions. More fundamentally, this attitude springs from complementary perceptions about the nature of the problems and the efficacy of judicial intervention. Prison administrators are responsible for maintaining internal order and discipline, for securing their institutions against unauthorized access or escape, and for rehabilitating, to the extent that human nature and inadequate resources allow, the inmates placed in their custody. The Herculean obstacles to effective discharge of these duties are too apparent to warrant explication. Suffice it to say that the problems of prisons in America are complex and intractable, and, more to the point, they are not readily susceptible of resolution by decree. Most require expertise, comprehensive planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. For all of those reasons, courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform. Judicial recognition of that fact reflects no more than a healthy sense of realism.

There is no evidence currently before the Court that Respondents intend to transfer Petitioner out of the Court's jurisdiction in bad faith. If such a transfer occurs in good faith and as a normal part of Respondents' management of prisoners within their control, the Court, for the reasons set forth above, is disinclined to interfere. At present, Petitioner has given the Court no reason to question Respondents' bona fide intentions; accordingly, the motion to stay removal to another jurisdiction will be denied without prejudice.

Regarding Petitioner's motion to expedite proceedings, the Court does not have a separate expedited calendar. The Court understands Petitioner's need and desire to have his case heard quickly as he believes that relief is warranted. However, the Court has pending before it at any given time hundreds of habeas cases wherein each prisoner alleges that relief is warranted. Case management at the Court proceeds by the order cases are received. Due to the high volume of such cases and the Court's diligent handling of each case, a decision often takes time. Petitioner can rest assured that the Court acts to resolve all pending cases in the most efficient manner possible.

Accordingly, Petitioner's case will be heard in due course and the request to expedite proceedings will be denied.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1. Respondent is ORDERED TO SHOW CAUSE why the Petition should not be granted. The return to the order to show cause is due within FORTY-FIVE (45) days of the date of service of this order.  In the return to the order to show cause, Respondent SHALL INCLUDE a copy of Petitioner's Alien File and any and all other documentation relevant to the determination of the issues raised in the petition. Rule 5 of the Rules Governing Section 2254 Cases.  In the event the Petitioner is released from ICE custody during the pendency of this petition, the parties SHALL notify the Court by filing a motion to dismiss the petition or other proper pleading.  Should the parties fail to notify the Court that Petitioner has been released, the parties may be subject to sanctions pursuant to the inherent power of the Court to issue sanctions in appropriate cases. See Local Rule 11-110.  Petitioner may file a traverse to the return within TEN (10) days of the date the return to the order to show cause is filed with the Court;

2. Petitioner's request for issuance of an order to show cause is DENIED as MOOT;

3. Petitioner's request for a stay of removal and/or stay of transfer to another jurisdiction is DENIED;

4. Petitioner's motion to expedite proceedings is DENIED;

5. The summonses filed on June 10, 2008 (Docs. 7, 8, 9, 10, 11, and 12), are WITHDRAWN; and,

6. The Clerk of the Court is DIRECTED to SERVE a copy of the petition for writ of habeas corpus on the United States Attorney and the Kern County Counsel.

The Court has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 78-230(h).  As such, the matter will be taken under submission following the

///

///

1 filing of Petitioner's traverse or the expiration of the time for filing the traverse.  All other briefing in
2 this action is suspended.

4 IT IS SO ORDERED.
5 Dated: June 13, 2008                                             /s/ Theresa A. Goldner
                                                                  UNITED STATES MAGISTRATE JUDGE